**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MADE IN THE USA FOUNDATION,     :
                                :
        Plaintiff,              :
                                :
    v.                          :  Civil Action No. 04-0553 (JR)
                                :
GENERAL MOTORS CORPORATION, *et* :
*al.*,                          :
                                :
        Defendants.             :

**MEMORANDUM**

Made in the USA Foundation sues a number of motor
vehicle manufacturers for failing to affix country of origin
labels to vehicles they display at auto trade shows, allegedly in
violation of the American Automobile Labeling Act, 49 U.S.C.
§ 32304 (Labeling Act), and the Lanham Act, 15 U.S.C. § 1125.
Defendants move to dismiss pursuant to Rules 12(b)(1) and
12(b)(6).  Because the plaintiff has failed to establish its
standing to sue, the Rule 12(b)(1) motions to dismiss for lack of
subject matter jurisdiction will be granted.

Made in the USA Foundation is a non-profit organization
"dedicated to promoting American-made products."  Compl. ¶ 2.
The defendants are all automobile manufacturers that display
their vehicles at auto shows.  The defendants did not affix
country-of-origin stickers on or near the vehicles they displayed
at the Washington Auto Show on December 31, 2003.  Plaintiff made
written demands that the defendants comply with the Labeling Act

at the January 2004 North American Auto Show in Detroit, but none
of them affixed country-of-origin stickers there either.
Plaintiff moved for a temporary restraining order to keep the
defendants from displaying their vehicles without country-of-
origin labels at the April 2004 New York Auto Show.  I denied
that motion in open court on April 8, 2004.

Made in the USA Foundation claims to have 60,000
members including Ford Motor Company and the United Auto Workers
(UAW), as well as "other corporate members who manufacture
automobile parts and accessories in the United States."  Pl.
Opp'n 3.  Made in the USA claims to be suing "as a consumer and
as a representative of consumers, its members and others, who
desire to purchase products made in the USA."  Id. at 7.  Made in
the USA's only allegations of harm are that the defendants'
conduct "caused harm to plaintiff and its members by hiding
important information by which the consuming public can make the
choice of whether or not to buy a vehicle that is manufactured in
the United States of America," Compl. ¶ 19, and that "[t]he
financial well-being of the Foundation is harmed by defendants'
misrepresentations because this adds to the consumer
misconception about what is made in the USA" and "if nothing is
'made in the USA,' why should citizens support the Made in the
USA Foundation?"  Id. at 13-14.

**Analysis**

Standard of Review

When testing a complaint's sufficiency under Rule
12(b)(6), the court will construe the facts and all reasonable
inferences in the light most favorable to the plaintiff, and a
defendant's motion will only be granted if there exists no set of
facts by which the plaintiff could succeed.  Wood v. Department
of Labor, 275 F.3d 107, 108 n.2 (D.C. Cir. 2001).  The court's
scrutiny is less forgiving, however, when applying Rule 12(b)(1).
A plaintiff must defend a motion to dismiss brought under Rule
12(b)(1) by proving by a preponderance of the evidence that the
court has jurisdiction to hear its claims.  See Am. Fed'n of
Gov't Employees, AFL-CIO v. Rumsfeld, 321 F.3d 139, 142 (D.C.
Cir. 2003).  When considering its jurisdiction to hear a claim, a
court may consider materials outside the pleadings.  Coalition
for Underground Expansion v. Minetta, 333 F.3d 193, 198 (D.C.
Cir. 2003) (citing Herbert v. Nat'l Acad. of Sciences, 974 F.2d
192, 197 (D.C. Cir. 1992)).

Standing

The plaintiff asserts standing on its own behalf as
well as associational standing on behalf of its members.  A
plaintiff has Article III standing if it can show that "(1) it
has suffered an 'injury in fact' that is (a) concrete and
particularized and (b) actual or imminent, not conjectural or

hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  <u>Am. Petroleum Inst. v. EPA.</u>, 216 F.3d 50, 63 (D.C. Cir. 2000) (internal citations omitted). Generalized grievances do not suffice as claims of injury-in-fact.  The injury "must affect the plaintiff in a personal and individual way."  <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561 n.1 (1992).

An organization asserting its own standing to sue must show an adverse effect on "discrete programmatic concerns."  <u>Am. Legal Found. v. FCC</u>, 808 F.2d 84, 91-2 (D.C. Cir. 1987).  Made in the USA's claim of threatened financial well-being because of "consumer misconception about what is made in the USA" and because "if nothing is 'made in the USA,' why should citizens support the Made in the USA Foundation," Comp. at 13-14, falls far short of the required statement of adverse effect on "discrete programmatic concerns."  <u>See</u> <u>Action Alliance of Senior Citizens of Greater Philadelphia v. Heckler</u>, 789 F.2d 931, 937 (D.C. Cir. 1986).

Associational standing may exist if an organization demonstrates that "'its <u>members</u> would otherwise have standing to sue in their own right, the interests it seeks to protect are germane to the organization's purpose, and neither the claim

- 4 -

asserted nor the relief requested requires the participation of individual members in the lawsuit.'" Gettman v. DEA, 290 F.3d 430, 435 (D.C. Cir. 2002) (quoting Fund Democracy L.L.C. v. SEC, 278 F.3d 21, 25 (D.C. Cir. 2002)) (emphasis in original).  Here, the Foundation asserts that it represents consumers who were and are misled by the defendants' conduct, as well as automobile manufacturers, the UAW, and several UAW locals.

The defendants question whether the Foundation actually has any members, a question which, once asked, requires an answer.  See Rumsfeld, 321 F.3d at 142.  In its motion to dismiss, defendant Hyundai Motor Company asserts that Made in the USA cannot establish that it is a properly formed organization with the corporate status and the members necessary to even attempt to claim associational standing.  Hyundai has submitted public records indicating the plaintiff's non-profit status, granted in 1989, was revoked in 1992 for failure to file reports and pay fees, Hyundai Mot. Dismiss Ex. 1, and that the IRS does not list it as a qualifying non-profit organization.  Hyundai Mot. Dismiss Ex. 3.  Cf. Coalition for Underground Expansion, 333 F.3d at 198 (court may consider matters outside pleadings when examining its jurisdiction).  Made in the USA has not responded to Hyundai's allegations.

If Made in the USA indeed has members, it has failed to show that any of them has standing in his, her, or its own right

to bring a claim under either the Lanham Act or the Labeling Act. The plaintiff has provided no details about the identity of these members, or how they were misled by the defendants' conduct at auto shows, and thus fail to assert the concrete and particularized injury necessary for standing.

### Private Rights of Action

#### Labeling Act

The Labeling Act provides for civil penalties against those who fail to comply with the Act's requirements. The Act authorizes the Secretary of Transportation to investigate violations, conduct hearings, and take testimony, and the Attorney General to seek injunctive relief in United States district courts.[1]  The Act does not by its terms establish a private right of action. In order to infer a private right of action where none is expressly provided, a court must consider

> "(1) whether the plaintiff is one of the class for whose benefit the statute was enacted; (2) whether some indication exists of legislative intent, explicit or implicit, either to create or to deny a private remedy; (3) whether implying a private right of action is consistent with the underlying purposes of the legislative scheme; and (4) whether the cause of action is one traditionally relegated to state law, such that it would be inappropriate for the court to infer a cause of action based solely on federal law."

---

[1] The Attorney General may seek injunctive relief in the district courts to enjoin "(1) fail[ure] to provide the Secretary of Transportation with information requested by the Secretary in carrying out this chapter; or (2) fail[ure] to comply with applicable regulations prescribed by the Secretary in carrying out this chapter."  49 U.S.C. 32308(a).

<u>Tax Analysts v. IRS</u>, 214 F.3d 179, 185-86 (D.C. Cir. 2000)
(citing <u>Cort v. Ash</u>, 422 U.S. 66, 78 (1975)).

I do not find, nor does the plaintiff identify, any
language in the Labeling Act that establishes a private right of
action or a private remedy.  The Labeling Act's provisions are
focused upon the regulated automobile manufacturers, and not on
potential purchasers.  <u>See</u> <u>Alexander v. Sandoval</u>, 532 U.S. 275,
288 (2001) (rights-creating language evidences Congress's intent
to imply a private right of action).  Courts are cautioned
against inferring private rights of action in the face of the
kinds of explicit, alternative means of enforcement enacted in
this statute, <u>see</u> 49 U.S.C. § 32304(h); 49 U.S.C. § 32308; <u>Dial A
Car, Inc. v. Transp., Inc.</u>, 132 F.3d 743, 744 (D.C. Cir. 1998).

<u>Lanham Act</u>

Section 43 of the Lanham Act states that any person who
uses false designations of origin in commercial and promotional
advertising "shall be liable in a civil action by any person who
believes that he or she is or is likely to be damaged by such
act."  15 U.S.C. § 1125(a)(1).  Despite the inclusive wording of
this statute, at least seven courts of appeals have held that
consumers do not have standing to bring claims under the Lanham
Act, and no court of appeals has held to the contrary.[2]  <u>See</u> <u>Made</u>

---

[2] It appears the D.C. Circuit has not addressed this
question.

in the USA Found. v. Phillips Foods, Inc., 365 F.3d 278 (4th Cir.
2004) (citing holdings from the Third, Fourth, Fifth, Seventh,
Ninth, and Tenth Circuits).

        The plaintiff has claimed Ford Motor Company, the UAW,
and UAW locals as members.  Opp'n 3.  Those members (if they are
members) may be able to bring a claim under § 43 of the Lanham
Act based on "potential for a commercial or competitive injury,"
Berni v. Int'l Gourmet Rest.s of Am., 838 F.2d 642, 647-48 (2d.
Cir. 1988); Camel Hair and Cashmere Inst. of Am. v. Associated
Dry Goods Corp., 799 F.2d 6 (1st Cir. 1986), but no claim of
injury is made as to them.  Plaintiff's allegations of harm (such
as they are) refer only to the Foundation's own interest in
Lanham Act enforcement;[3] its interest in protecting consuming
members of its organization as well as the consuming public
against deception; and its interest in its own existence and
financial well-being.  No claim is made of competitive or
commercial injury sustained by Ford Motor Company, the UAW, or
its locals.

_____

        [3] See Compl. ¶ 2; Opp'n 3-5; Gettman v. DEA, 290 F.3d 430,
433 (D.C. Cir. 2002) ("Mere interest as an advocacy group is not
enough.").

## **Conclusion**

The complaint will be dismissed pursuant to Rule 12(b)(1) because there is no private right to sue under the Labeling Act, because consumers have no right to sue under the Lanham Act, and because in any case Made in the USA Foundation has not established standing to sue either in its own right or on behalf of its members.  An appropriate order accompanies this memorandum.


                                JAMES ROBERTSON
                        United States District Judge